UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT DWAYNE HARVEY,                )
                                     )    2: 13-cv-01425-PK
          Petitioner,                )
                                     )
     v.                              )
                                     )    FINDINGS AND RECOMMENDATION
JERI TAYLOR, Superintendent,         )
Two Rivers Correctional              )
Institution,                         )
                                     )
          Respondent.                )

Alison M. Clark
Federal Public Defender's Office
101 SW Main Street, Suite 1700
Portland, Oregon 97204

     Attorney for Petitioner

Ellen F. Rosenblum
Attorney General
Kristen E. Boyd
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

     Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Robert Dwayne Harvey brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his convictions and sentence for sex abuse and unlawful sexual penetration. For the reasons set forth below, the Petition for Writ of Habeas Corpus [2] should be denied, and Judgment should be entered dismissing this action with prejudice.

## PROCEDURAL BACKGROUND

On March 29, 2002, the Washington County Grand Jury returned an indictment charging Harvey with six counts of Unlawful Sexual Penetration in the First Degree, seven counts of Sexual Abuse in the First Degree and one count of Sodomy in the First Degree. Respondent's Exhibit 102. A jury found him guilty of four counts of Sexual Abuse in the First Degree and one count of Unlawful Sexual Penetration in the First Degree and not guilty of the remaining nine counts. The sentencing court ultimately imposed a sentence totaling 148 months. Respondent's Exhibit 101.

Harvey directly appealed his convictions and sentence. The Oregon Court of Appeals vacated the sentences and remanded for re-sentencing, but otherwise affirmed the trial court in a written opinion, and the Oregon Supreme Court denied review. *State v. Harvey*, 203 Or. App. 343, 125 P.3d 792 (2005), *rev. denied* 340 Or. 359, 132 P.3d 1056 (2006); Respondent's Exhibits 103-108. Following re-sentencing, Harvey filed another direct appeal, but

2 - FINDINGS AND RECOMMENDATION

the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Harvey*, 223 Or. App. 259, 195 P.3d 923 (2008), *rev. denied* 345 Or. 460, 200 P.3d 146 (2008); Respondent's Exhibits 109-113.

Harvey next filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief on his PCR Petition. *Harvey v. Mills*, Umatilla County Circuit Court Case No. CV09-1287. On appeal, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *Harvey v. Franke*, 256 Or. App. 760, 302 P.3d 1218 (2013), *rev. denied* 353 Or. 787, 304 P.3d 466 (2013); Respondent's Exhibits 145-149.

On August 14, 2013, Harvey filed this action. His claims for relief as set forth in his Petition [2] are as follows:

Ground One.   Trial counsel failed to adequately articulate a defense, or solicit evidence in support of the Petitioner's claims of actual innocence such [as] not offering an aggressive defense when it came to the court's denial of testimony from Washington State trial in which doctor pointed out that the hymen could not have grown back in the time line given which was 24 to 48 hours from the accusation of abuse to the medical examination. Trial counsel appears to rely on the alleged victim's motives to fabricate her disclosure rather than focusing in on the facts and proving the Petitioner's actual innocence.

Ground Two.   Trial counsel failed to adequately present information concerning the alleged victim's past of present psychological/medical records/information. Specifically in issuing a proper and timely subpoena duce tecum requesting the above mentioned records/information.

Ground Three.    Trial counsel failed to provide a complete and thorough investigation of the allegations pertinent to this case, thereby failing to present the necessary exculpatory evidence at trial.

Ground Four.     Trial counsel failed to subpoena or provide at trial expert testimony on child sexual abuse which would have contradicted the testimony of [the] State's expert witness Dr. John Stirling. Trial counsel also failed to provide an expert witness on child memory which would have helped support the Petitioner's case.

Ground Five.     Trial counsel failed to properly cross examine or object to the testimony or evidence offered by the State's expert witness Dr. John Stirling.

Ground Six.      Trial counsel failed to move for a dismissal of all charges based upon the Petitioner's actual innocence. Petitioner believes that if counsel would have pursued a more aggressive defense in light of the Washington State testimony which challenged the concept [of] the allege victim's hymen growing back the Petitioner's innocence would have been proven.

Ground Seven.    Trial court erred when it allowed into evidence the Petitioner's use of alcohol, possession of adult pornographic videos, and that the Petitioner frequented adult strip clubs, as none of the above can be shown to have a connection to the alleged criminal activity.

Ground Eight.    Trial court erred when it denied Petitioner's request for an in-camera review of the alleged victim's psychological/medical records and information.

Ground Nine.     Trial court erred when it did not allow the introduction of the Washington State testimony and/or medical evidence into evidence.

Ground Ten.      The re-sentencing court erred when it did not designate count 5 as the primary offense and then impose consecutive sentences on the remaining counts.

Respondent asks the Court to deny relief on the Petition because: (1) Grounds One through Three and Five through Nine were not fairly presented to the Oregon courts and are procedurally defaulted; (2) Ground Ten raises an issue of state law only and is not cognizable in this federal habeas corpus proceeding; and (3) Ground Four was denied in a state court decision entitled to deference.

## DISCUSSION

### I. Unargued Claims

Notwithstanding the fact that respondent briefed all the claims set forth in the Petition, with the exception of his Ground Four claim, Harvey does not provide argument to support the merits of his remaining claims. Instead he "waives argument on the remaining nine claims in his habeas petition." Brief in Support [36], p. 2.

On federal habeas review, Harvey must show that the state court determination denying his claims was contrary to or involved an unreasonable application of federal law as established by Supreme Court precedent. 28 U.S.C. § 2254(d). The Court has reviewed Harvey's unargued claims on the existing record and determined that they do not entitle him to relief. Accordingly, by not advancing these claims in his supporting memorandum, Harvey has failed to meet the burden of proof for habeas relief under § 2254(d) and relief on these claims must be denied.

## II. Merits

### A. Standards

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and Harvey bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The "unreasonable application" clause requires the

state court decision to be more than incorrect or erroneous. *Id.* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id.* at 409.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id.* at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id.* at 696.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996's ("AEDPA") deferential standard of review, the key question in analyzing an ineffective assistance of counsel claim brought by a state prisoner is whether the state court's application of *Strickland* was unreasonable. *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011). "This is different from asking whether defense

counsel's performance fell below *Strickland*'s standard ... A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* AEDPA requires a "doubly deferential" review of a state prisoner's ineffective assistance of counsel claim. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1410-11 (2011)(citation omitted). The federal habeas court must show deference both to the state court which previously reviewed the claim, and also to trial counsel him or herself.

B. **Analysis**

**Trial Counsel Rendered Ineffective Assistance When She Failed to Subpoena or Provide at Trial Expert Testimony on Child Abuse Which Would Have Contradicted the Testimony of State's Expert Witness Dr. John Stirling. Trial Counsel Also Failed to Provide an Expert Witness on Child Memory Which Would Have Helped Support the Petitioner's Case (Ground Four)[1]**

Harvey contends that in the context of "this thin prosecution case and narrow margin of conviction,"[2] the PCR court's

---

[1] In his Brief in Support [36], p. 14-15, Harvey suggests counsel rendered ineffective assistance when she failed to "contact a doctor in regard to A.G.'s genital exam." Harvey did not include this discreet ineffective assistance claim in his Petition [2], nor did he fairly present it to the Oregon courts. Accordingly, it is not properly before the Court. Moreover, as the State correctly notes, its expert, Dr. Stirling, testified at trial that the victim's physical examination was normal and his conclusion that she had been molested was based on her statements to him. Transcript of State Court Proceedings, Volume I, pp. 66-67.

[2] Prior to the subject trial, a jury in Washington State hung on charges alleging Harvey abused his step-daughter for a series of years. In this case, a non-unanimous jury found him guilty of five out of fourteen counts related to sexual abuse of his step-

determination that Harvey's trial counsel did not render constitutionally ineffective assistance when she failed to secure an expert to testify on Harvey's behalf in this sex abuse case involved an unreasonable application of *Strickland*.

In denying Harvey's claim, the PCR trial court concluded that the "[a]ttorney relied on an expert and [was] not required to shop for a different opinion." Respondent's Exhibit 144, p. 2. In reaching its conclusion, the PCR court had before it an affidavit from trial counsel responding to Harvey's claims. Counsel averred as follows:

> 3. *Re: failure to proffer expert testimony on child sexual abuse, at trial.* I consulted with Portland psychiatrist Charlene Sabin, to obtain her expert opinion about the child's sexual abuse disclosures. However, in the end I did not have her testify at the trial because she could not, or did not want to, render an opinion. Dr. Sabin felt that in this case, it was strictly a credibility call, and she had nothing to contribute that would be helpful to the defense.

Respondent's Exhibit 122, pp. 1-2. Moreover, counsel averred that "[a]t trial, I focused on the victim's lack of reliability and her motive to lie because in my experience, juries believe a victim unless you provide a reason for them to conclude that the victim is lying." *Id.* at 2.

For his part, during the PCR proceedings Harvey presented an affidavit from Dr. Robert G. Stanulis identifying what the doctor deemed were several relevant areas of testimony that could have

---

daughter.

been presented by an expert in Harvey's case including testimony as to: (1) alternative explanations for the accusations; (2) how memory is subject to change and the fact that "false/inaccurate memories are relatively easy to create without any awareness or recognition that they are being created"; (3) how one avoids tainting memory--Dr. Stanulis opined this would have been particularly important here where the interview with the victim was not videotaped and the examiner did not retain his notes; (4) the fact that sex abuse is not a diagnosis and cannot be scientifically confirmed; (5) the frequency of false accusations; (6) common disagreement amongst professionals as to whether abuse occurred; and (7) information on the difficulty of determining whether abuse has occurred from a scientific point of view.

Dr. Stanulis noted that the purpose of expert testimony in a case like this would be to "educate the jury as to how memory works, how interviewing and investigation is done, and the standards, limitations, and pitfalls of these procedures in general and as applied to specific case facts of a case." In Dr. Stanulis' view, experts have no way scientifically of determining whether a report of abuse is accurate or inaccurate and no examination of a party by an expert is useful to the trier of fact. Respondent's Exhibit 117, pp. 1-3.

In examining counsel's performance, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at

10 - FINDINGS AND RECOMMENDATION

690. Here, the record supports a conclusion that counsel's strategic decision not to call Dr. Sabin after consulting with her, and to focus on the victim's "lack of reliability and her motive to lie" instead, was within the bounds of reasonable professional assistance. Harvey's arguments notwithstanding and for the reasons set out below, the cases relied on by him do not sufficiently undermine the PCR court's denial of his Ground Four claim such that this Court, bound by AEDPA, can conclude such denial involved an objectively unreasonable application of *Strickland*.

First, *Duncan v. Ornoski*, 528 F.3d 1222 (9th Cir. 2008) is a pre-AEDPA case, and, as such, no deference was due the state court's legal conclusions. Harvey's ineffective assistance claim, on the other hand, is not subject to de novo review. The question in this case is not whether the PCR court's conclusion was incorrect, but whether Harvey has shown that its determination was "objectively unreasonable." *Bell v. Cone*, 535 U.S. 685, 694 (2002). Harvey's reliance on *Duncan* is not sufficient to carry this heavy burden. In that case, Duncan's counsel failed to consult a serology or other qualified expert or to have his client's blood tested despite evidence indicating additional investigation was warranted and that there existed potential to discover exonerating blood evidence. In contrast here, Harvey's counsel did appreciate the potential benefit of having a mental health expert testify on his behalf about the victim's disclosures

and consulted with Dr. Sabin. As the State correctly notes, there is no assertion in the record that Dr. Sabin was not a qualified mental health expert. That in the end she could not or would not testify in a way beneficial to Harvey does not render counsel's reliance on Dr. Sabin's opinion deficient.[3] *Duncan* does not suggest otherwise.

Next, *Caro v. Woodford*, 280 F.3d 1247 (9th Cir. 2002), a capital case, involved examination of the effectiveness of counsel's performance in investigating and preparing to present and explain the significance of mitigation evidence. There, despite counsel's knowledge of petitioner's "extraordinary exposure to pesticides and toxic chemicals," counsel failed to: (1) fully investigate his client's history; (2) inform experts examining Caro of the facts counsel did know; and (3) seek out an expert qualified to assess the damage from chemical exposure, such as a neurologist or toxicologist. As was the case in *Duncan*, *Caro* stands for the proposition that counsel renders deficient performance when he or she fails to even consult with a qualified expert before deciding on trial strategy, including whether to call a certain expert at trial. As already noted, Harvey's counsel consulted with Dr. Sabin and there is insufficient support in the record for this Court to

---

[3] Beyond Harvey's counsel's statements in her PCR affidavit, the record sheds no light on the nature or extent of counsel's consult with Dr. Sabin or the reasons the doctor could not or would not testify on Harvey's behalf.

12 - FINDINGS AND RECOMMENDATION

conclude that the doctor was not qualified to render an opinion.

*Pavel v. Hollins*, 261 F.3d 210 (2d Cir. 2001), is another pre-AEDPA case and therefore no deference was due the state court's determination on ineffective assistance. Nevertheless, with regard to counsel's failure to call a medical expert at trial to testify about the lack of physical evidence of abuse, the court specifically held counsel's representation was deficient because "it was not based on pre-trial consultation with such an expert." *Id.* at 223. In contrast here, counsel consulted with Dr. Sabin prior to trial.

In *Eze v. Senkowski*, 321 F.3d 110 (2d Cir. 2003), the court noted:

> [W]hen a defendant is accused of sexually abusing a child and the evidence is such that the case will turn on accepting one party's word over the other's, the need for defense counsel to, at a minimum, consult with an expert to become educated about the "vagaries of abuse indicia" is critical.

p. 128 (citations omitted). Again the court focused on whether counsel consulted with an expert so he or she would be informed enough to make a sound tactical decision as to whether to call an expert at trial. Here, Harvey's counsel consulted with Dr. Sabin and the record supports a conclusion that she made an informed decision not to call the doctor as an expert at trial.

Finally, in *Holsomback v. J.D. White*, 133 F.3d 1382 (11th Cir. 1998), the court found counsel's decision not to conduct any investigation into the conceded lack of medical evidence of sexual

13 - FINDINGS AND RECOMMENDATION

abuse, *i.e.*, his failure to consult with any physician to ascertain the significance of the lack of medical evidence constituted deficient performance. That court specifically held, however, that "[h]ad counsel interviewed the doctors, a subsequent tactical decision not to call them might have fallen well within 'the wide range of reasonable professional assistance." *Id.* at 1388 (quoting *Strickland*, 466 U.S. at 689). Here, Harvey's counsel's investigation included consultation with Dr. Sabin and her decision not to call a mental health expert at trial was based on what she learned through that consult.

At core, the cases cited by Harvey are not helpful to him because none of them suggest counsel renders constitutionally deficient performance where, in reliance on a consult with an appropriate and qualified expert, counsel opts not to call an expert at trial. The cases simply do not contradict the PCR court's determination that having consulted with an expert, counsel was not obliged to search out another expert who might prove more helpful to the defense.

While Harvey concedes his counsel consulted with an expert, he suggests the consult was "brief" and that it "appears to have been perfunctory and fruitless." Brief in Support [36], p. 14 (citing Respondent's Exhibit 122). The record does not support Harvey's characterization of the consult. The Court agrees testimony similar to that described by Dr. Stanulis might have been better

14 - FINDINGS AND RECOMMENDATION

than introducing no expert and may have resulted in a different outcome in this case. Nevertheless, the mere fact that Dr. Stanulis or some other expert may have been willing to testify generally at Harvey's trial about the reliability of child abuse allegations and best practices for avoiding and identifying false claims, does not establish either that Dr. Sabin was not a qualified mental health expert or that counsel's consultation with her was not sufficiently thorough.

Based on the foregoing, the Court concludes that Harvey has failed to meet his heavy burden under AEDPA of demonstrating that the PCR court's conclusion that trial counsel consulted with and reasonably relied on an expert and was not required to seek out another expert opinion to testify at trial was objectively unreasonable. Accordingly, Harvey cannot establish on this record that the PCR court's denial of relief on this claim was contrary to or an unreasonable application of *Strickland v. Washington*.

## RECOMMENDATION

Based on the foregoing, the Petition for Writ of Habeas Corpus [2] should be DENIED, and judgment should enter DISMISSING this case with prejudice. The district judge should, however, grant a Certificate of Appealability on the issue of whether Harvey's counsel rendered constitutionally deficient performance when she failed to secure an expert to testify on his behalf at trial on the subject of child memory.

15 - FINDINGS AND RECOMMENDATION

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 18th day of October, 2015.

_____
Paul Papak
United States Magistrate Judge

16 - FINDINGS AND RECOMMENDATION